**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| EVANSTON INSURANCE COMPANY, | : CIVIL ACTION NO. 08-5433 (MLC) |
| Plaintiff, | : **MEMORANDUM OPINION** |
| v. | : |
| LEISURE PROPERTIES INC., et al., | : |
| Defendants. | : |

**IT APPEARING** that an action brought by Joseph Capizzi, Jr., is pending in New Jersey state court ("State Assault Action") to recover damages for personal injuries against (1) Leisure Properties, Inc., t/a The Quarter Deck Inn Restaurant & Bar ("LPI"), (2) Tara Enterprises of LBI, LLC ("TLLC"), (3) Clover Enterprises of LBI, LLC ("CLLC"), (4) Russell A. Del Rosso, (5) John Woolley, Patricia Woolley, and Thomas Woolley ("Woolleys"), and (6) Eric A. Jones, who allegedly assaulted Capizzi on property allegedly owned or managed by LPI, TLLC, CLLC, Del Rosso, and the Woolleys ("Property") (dkt. entry no. 1, Compl. at 3; id., Ex. B, State Assault Action Am. Compl.); and it appearing that Evanston Insurance Company ("EIC") insured TLLC, CLLC, and Del Rosso only (Compl. at 2; dkt. entry no. 28, TLLC, CLLC, & Del Rosso Br. ("TLLC Br.") at 2-3); and EIC bringing this action in federal court on November 5, 2008 ("Federal Action") for a judgment declaring that it is not obligated to defend and

indemnify LPI, TLLC, CLLC, Del Rosso, and the Woolleys in the State Assault Action, and naming them as defendants (Compl. at 6); and EIC also naming Jones and Capizzi as defendants in the Federal Action (id. at 1-2); and

**THE COURT** having been concerned that either (1) EIC was — or would be — named in the State Assault Action as a defendant, as a third-party defendant, or in some other capacity, or (2) a determination as to any claims arising in the Federal Action would necessarily affect — and thus interfere with — the State Assault Action (dkt. entry no. 14, Order to Show Cause ("OTSC") at 5-6); and it appearing that if either were the case, then the Court would be required to consider abstention (id. at 6), see Wilton v. Seven Falls Co., 515 U.S. 277, 280-90 (1995) (affirming — in upholding Brillhart v. Excess Ins. Co., 316 U.S. 491 (1942) — abstention where insurer brought declaratory-judgment action in federal court against insured, and insured brought own action against insurer in state court); and the Court thus having sought to have EIC affirm that it was not named in any capacity in the State Assault Action or any related state-court action (OTSC at 6); and the Court having noted that all of the aforementioned issues "would be moot if any party named as a defendant in the Federal Action brought a claim in state court for a judgment declaring that EIC is obligated to provide a defense and indemnification" (id. at 7); and

2

**EIC** asserting in its December 22, 2008, response to the Order to Show Cause that at that time (1) EIC was not named in the State Assault Action or any related action in state court as a defendant, as a third-party defendant, or in some other capacity, or (2) a determination as to any claims arising in the Federal Action would not necessarily affect — and not interfere with — the State Assault Action (dkt. entry no. 26, 12-29-08 Order at 3); and the Court thus having vacated the Order to Show Cause, but advising that EIC had a duty to notify the Court if the situation changed (id.); and

**THE COURT** now being notified by TLLC, CLLC, and Del Rosso that they have brought a claim in state court seeking a judgment declaring that EIC is obligated to defend and indemnify them in the State Assault Action ("State Declaratory Judgment Claim") (TLLC Br. at 1; dkt. entry no. 28, Chiafullo Certification, Ex. A, Tara Enterprises of LBI, LLC, et al. v. Columbia Casualty Insurance Company, et al., N.J. Superior Ct. Compl. ("TLLC State Compl.") at 1 (including EIC as a defendant)); and

**IT APPEARING** that (1) the Federal Action is a declaratory-judgment action involving insurance-coverage issues, (2) the Federal Action is restricted to state-law issues, and (3) the issues raised in the Federal Action are now pending in both the State Assault Action and the State Declaratory Judgment Claim, see Atl. Mut. Ins. Co. v. Gula, 84 Fed.Appx. 173, 174 (3d Cir.

2003) (affirming judgment dismissing complaint for, inter alia, same reasons); and

**IT APPEARING** that it is "irrelevant" that the Federal Action was brought earlier than the State Declaratory Judgment Claim, State Auto Ins. Cos. v. Summy, 234 F.3d 131, 136 (3d Cir. 2001) (directing district court to dismiss insurer's declaratory-judgment complaint, even though it was filed before insured brought state-court declaratory-judgment action); see Empire Fire & Marine Ins. Co. v. Bennett, No. 05-4097, 2006 WL 932176, at *3 (D.N.J. Apr. 10, 2006) (staying insurer's declaratory-judgment action based on other party's mere "stated intent" to bring state-court declaratory-judgment action against insurer); and it appearing that the Court must "promote judicial economy by avoiding duplicative and piecemeal litigation", Summy, 234 F.3d at 135; and it further appearing that "[t]he desire of insurance companies and their insureds to receive declarations in federal court on matters of purely state law has no special call on the federal forum", id. at 136; but

**IT APPEARING** that LPI and the Woolleys were served with process in the Federal Action in November 2008, but have yet to answer or appear (see dkt. entry nos. 16, 19, 21, 23); but it further appearing that LPI and the Woolleys had relinquished ownership and management of the Property two years before the underlying assault occurred, and may not be proper defendants

(see TLLC Br. at 4; TLLC State Compl. at 3, 6 (asserting TLLC and CLLC bought Property in January 2003 and assault occurred in July 2005)); and the Court possessing the discretion to issue a stay in an excess of caution, rather than dismiss the complaint, see Cincinnati Ins. Co. v. Trosch, 271 Fed.Appx. 205, 205-07 (3d Cir. 2008) (affirming order issuing stay in insurer's declaratory-judgment action, and noting stay was issued pending resolution of underlying state action); and the Court intending to issue a stay, thereby avoiding any statute-of-limitations issues that may arise from a dismissal of the Complaint; and for good cause appearing, the Court will issue an appropriate order.

                                               s/ Mary L. Cooper  
                                               **MARY L. COOPER**  
                                               United States District Judge

Dated:   March 16, 2009